# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ISAAC GRAY | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-10-2521 |
| GREGG HERSHBERGER and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

***

# **MEMORANDUM**

The above-captioned petition for writ of habeas corpus was filed on September 10, 2010, and challenges petitioner's 1985 first-degree rape conviction from the Circuit Court for Howard County, Maryland. Paper No. 1. Petitioner has filed a motion to proceed in forma pauperis. His motion shall be granted.

Under the Antiterrorism and Effective Death Penalty Act of 1996 there is a one-year statute of limitation for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner's conviction occurred before the effective date of April 24, 1996; the filing deadline for his federal habeas petition was one year from the effective date, April 23, 1997. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998).

The one year period is tolled while properly filed post-conviction proceedings are pending. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000). The statute further specifies that the one year limitation begins to run

> from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the

> impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

The limitations period is subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris,* 209 F. 3d at 330. To be entitled to equitable tolling, petitioner must establish that either some wrongful conduct by third parties contributed to his delay in filing his petition or that circumstances which were beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000).

The instant petition is untimely and subject to dismissal unless petitioner can show cause why the limitations period should be tolled in his case. He will be provided a period of 28 days to file his explanation regarding the timeliness of his petition. A separate order follows.


<u>September 20, 2010</u>                        _____/s/_____
Date                                             Catherine C. Blake
                                                 United States District Judge

2