# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ISAAC GRAY | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-10-2521 |
| GREGG HERSHBERGER *et al.* | * | |
| Respondents | * | |

***

## MEMORANDUM

Pending is petitioner's supplement to the petition for writ of habeas corpus, asserting that he is entitled to equitable tolling of the one-year filing deadline. ECF No. 5. Notwithstanding the timeliness issue, it is now clear that the instant petition is successive, which deprives this court of jurisdiction to consider the merits of the claims raised.

Petitioner filed for federal habeas relief on February 3, 1997, challenging the validity of the same conviction at issue here. *See Gray v. Gee*, CCB-97-332 (D. Md. 1997). Petitioner failed to properly exhaust all but two of the claims raised and had not offered evidence of his actual innocence. *Id*. Because of those defects, the undersigned denied habeas corpus relief with prejudice. *Id*. On April 27, 2007, petitioner filed another petition for writ of habeas corpus concerning the same conviction. *See Gray v. Sowers*, CCB-07-1095 (D. Md. 2007). The petition was dismissed as successive on September 25, 2007. *Id*. at ECF No. 10 and 11. Petitioner's application for leave to file a successive petition was denied by the Fourth Circuit Court of Appeals on November 2, 2007. *Id*. at ECF No. 12.

The instant petition must be dismissed as successive. Under 28 U.S.C. § 2244(b)(3), petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application.

*See* 28 U.S.C. § 2244(b)(3);[1] *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir.1996). Before this court may consider the petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to do so. *See* 28 U.S.C. § 2244(b)(3)(A);[2] *see In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Petitioner has not complied with this "gatekeeper" provision; thus, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).[3]

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U.S.C.§ 2253(c)(2).

November 9, 2010            /s/
Date                               Catherine C. Blake
                                             United States District Judge

---

[1] 28 U.S.C. § 2244(b)(3)(B) provides that: "[A] motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."

[2] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3] Under amendments to 28 U.S.C. § 2254, a second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.